This case assigned to District Judge _____
and to Magistrate Judge _____

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 17 2011

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**DOUG NIENDICK,**                                                    **PLAINTIFFS**
**INDIVIDUALLY AND ON BEHALF OF**
**OTHERS SIMILARLY SITUATED**

**V.**                                   **CASE NO.** 1:11 cv 43 Slow

**CITY OF SALEM**                                                     **DEFENDANT**

### COMPLAINT

COMES now the Plaintiff, Doug Niendick, by and through his attorneys, Holleman & Associates, P.A., and for his Complaint against the Defendant, City of Salem, states and alleges as follows:

### JURISDICTIONAL STATEMENT

1.     The Plaintiff, Doug Niendick, is a resident and citizen of Fulton County, Arkansas. At all times relevant to this Complaint, he was employed by the Police Department of City of Salem, as a patrolman and was classified as a salaried employee, but in reality non-exempt from the overtime requirements of the Fair Labor Standards Act (hereinafter "FLSA"). He is filing this Complaint on behalf of himself and on behalf of all other City of Salem employees, whether past, present or future, who are classified as salaried employees but in reality are or will be non-exempt from the overtime requirements of the FLSA.

2.     The Defendant, City of Salem, was the Plaintiff's employer for all relevant time periods within the meaning of the FLSA, 29 U.S.C § 203(d). Defendant, City of Salem, is a local government agency within the State of Arkansas and may be served through its Mayor, Gary G. Clayton.

1

3.     The Plaintiff and those similarly situated seek an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the FLSA, as amended, 29 U.S.C. §§ 215, 216(b) and 217.

4.     Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Venue lies within the district, pursuant to 28 U.S.C. § 1391.

5.     At all times material herein, the Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the FLSA, as amended, 29 U.S.C. § 201, *et seq*.

## FACTUAL ALLEGATIONS

### A.  FLSA ALLEGATIONS

6.     Defendant, City of Salem budgets and controls all financial matters for the City of Salem's Police Department.

7.     Defendant has a policy of placing its Patrolmen on what it purports to be a "salary" for a 40 hour week.

8.     Plaintiff and those similarly situated are qualified as first responders within the meaning of the FLSA, 29 C.F.R. §541.3 (b).

9.     Defendant placed Plaintiff and those similarly situated on call for extended periods of time.  During his on-call time, Plaintiff's actions were severely restricted and he was expected to respond immediately to any request of Defendant.

10.     When called back to duty, Plaintiff was required to arrive on the scene within 10 minutes dressed in his uniform.  These back to duty calls were normally done at all hours of the day and night and were all for the benefit of the City of Salem.

2

11.   Plaintiff and those similarly situated were not compensated in any way for the on-call time, or for hours that they were working when called back to duty.

12.   Defendant required Plaintiff and those similarly situated to do the work during their off-duty time, and failed to count this time as hours worked. 29 C.F.R § 785.11-12. Defendant also failed to compensate Plaintiff and those similarly situated for any overtime hours worked.

13.   The Plaintiff and those similarly situated have no authority to hire or fire any other City of Salem employee.

14.   The Plaintiff and those similarly situated receive total annual compensation of less than $100,000.00 per year, management is not their primary duty, nor do they customarily and regularly supervise any other employees.

15.   Defendant has defrauded Plaintiff and those similarly situated by informing them they are "exempt" employees. This conduct may be used by the Plaintiff and those similarly situated to equitably toll the statute of limitations from running on the claims comprising this lawsuit.

16.   Furthermore, the violations previously plead are ongoing and continuing and the Plaintiff and those similarly situated should be awarded damages for the time period up to and including the day of the trial.

17.   The Defendant has been notified on previous occasions, or should have known, about the violations of the FLSA. It has taken no action, despite demands and notice. The Defendant's actions are willful and are taken with the knowledge that its acts violate the wage and hour provisions of the FLSA.

18.   The unlawful policy followed by Defendant has been in place for a period in excess of three (3) years and is in place at the present time.

3

## B. RETALIATION ALLEGATIONS

19.     As a result of Defendant's continuos violations of the FLSA, Plaintiff has filed a complaint with the United States Department of Labor.

20.     Within days of the filing, Plaintiff's schedule changed substantially, and he was placed on three (3) overnight shifts per week.  Plaintiff was also told that he was no longer allowed to go home during dinner time, and must stay within the City limits.  No similar changes occurred with respect to other employees of the City of Salem's Police Department.

21.     In April of 2011, Defendant terminated Plaintiff's employment with the City of Salem's Police Department in retaliation for his pursuit of his rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as a Patrolman or any other similarly situated mis-classified salaried employees who are entitled to unpaid overtime, at any time within the applicable statue of limitations period, who have not been compensated for all hours worked in excess of forty (40) hours per work week.

23.     The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), as prospective members of the FLSA Collective Action are similarly situated to Plaintiff and have claims that are similar to Plaintiff's First Claim for Relief.

24.     Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

4

a.  Whether Defendant unlawfully failed and continues to fail to compensate Plaintiff and prospective FLSA Collective Action Plaintiffs for hours worked in violation of the FLSA, 29 U.S.C. § 201 *et seq.;*

b.  Whether Defendant unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.;*

c.  Whether Defendant's failure to pay overtime to the Plaintiff was willful within the meaning of the FLSA;

d.  Whether Defendant unlawfully required and continues to require Plaintiff and FLSA Collective Action Plaintiffs do the work during off-duty time, and failed and continues to fail to count this time as hours worked, 29 C.F.R § 785.11-12;

e.  Whether Defendant failed and continues to fail to maintain accurate records of actual time worked by Plaintiff and FLSA Collective Action Plaintiffs;

f.  Whether Defendant failed and continues to fail to record or report all actual time worked by the FLSA Collective Action Plaintiffs; and

g.  Whether Defendant failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Action Plaintiffs.

25.  Plaintiff and the FLSA Collective Action Plaintiffs are similarly situated and are

subject to Defendant's common practice, policy or plan of refusing to compensate all hours worked

and refusing to pay overtime in violation of the FLSA.

26.  The names and addresses of the FLSA Collective Action Plaintiffs are available from

Defendant, and notice should be provided to the FLSA Collective Action Plaintiffs *via* first class

mail to their last known address as soon as possible.

### FIRST CLAIM FOR RELIEF
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*,**
**Brought by Plaintiff on Behalf of Himself and all FLSA Collective Action Plaintiffs)**

27.  Plaintiff, on behalf of himself and all FLSA Collective Action Plaintiffs, re-alleges

and incorporates by reference paragraphs above as if they were set forth again herein.

28.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiff and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

29.     Plaintiff in this action has signed a Consent to Sue form pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. Other individuals will sign consent forms and join as plaintiffs on this claim in the future.

30.     The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

31.     Plaintiff and all FLSA Collective Action Plaintiffs are entitled to compensation for all hours worked.

32.     Plaintiff and all FLSA Collective Action Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

33.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiff and the FLSA Collective Action Plaintiffs for work performed in excess of 40 hours per week.

6

34.    At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the FLSA Collective Action Plaintiffs for their hours worked in excess of 40 hours per week.

35.    At all relevant times, Defendant has engaged, and continues to engage, in a willful policy, pattern, or practice of requiring or permitting its non-exempt, salaried employees, including Plaintiff and the FLSA Collective Action Plaintiffs, to perform work in excess of 40 hours per week.

36.    At all relevant times, the overtime work performed by Defendant's non-exempt employees, including Plaintiff and the FLSA Collective Action Plaintiffs, was and continues to be required or permitted by Defendant, for the benefit of Defendant, and is directly related to such employees' principal employment with Defendant, and is an integral and indispensable part of such employees' employment with Defendant.

37.    At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiff and the FLSA Collective Action Plaintiffs for their on-call times.

38.    Defendant violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a), by failing to pay FLSA Collective Action Plaintiffs for all hours actually worked and by failing to pay FLSA Collective Action Plaintiffs at least one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

39.    The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the prospective FLSA Collective Action Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees

7

sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. §§ 211(c) and 215(a). These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq*.

40.     As a result of Defendant's violations of law, Plaintiff and FLSA Collective Action Plaintiffs are entitled to recover from Defendant the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) Anti-Retaliation provision, Brought by Plaintiff on Behalf of Himself and all FLSA Collective Action Plaintiffs)

41.     Plaintiff, on behalf of himself and all FLSA Collective Action Plaintiffs, re-alleges and incorporates by reference paragraphs stated above as if they were set forth again herein.

42.     At all times relevant, Defendant's conduct was and is governed by the FLSA, including its anti-retaliation provision. That provision provides that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this [act], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

43.     Plaintiff, by submitting oral complaints to the Defendant, and by filing a complaint with the United States Department of Labor, has engaged in protected activity as defined and governed by the FLSA.

8

44.     Defendant has engaged in retaliatory conduct against Plaintiff by changing the Plaintiff's schedule and placing the Plaintiff on three (3) overnight shifts per week. Plaintiff was also told that he was no longer allowed to go home during dinner time, and must stay within the City limits. No similar changes occurred with respect to other employees of the City of Salem's Police Department.

45.     Defendant has engaged in further retaliatory conduct against Plaintiff by terminating Plaintiff's employment with the City of Salem's Police Department.

46.     The above referenced conduct was in direct violation of the anti-retaliation provision of the FLSA, for which statutory penalties should attach.

47.     Plaintiff seeks an Order directing the Defendant, its agents and officers, to not engage in harassment, intimidation, bullying, or retaliating conduct towards the other similarly situated employees that may seek to join this matter.

## SUMMARY

48.     In count one (1) of Plaintiff's complaint, Plaintiff asks the Court to enter a declaratory judgment, declaring that the Defendant has willfully and wrongfully violated its statutory obligations, and deprived Plaintiff and those similarly situated of their rights, protection and entitlements under law as alleged in Plaintiff's complaint.

49.     In count two (2) of Plaintiff's complaint, Plaintiff asks the Court to enter a declaratory judgment, declaring that Defendant has engaged in retaliatory and discriminatory conduct against Plaintiff, that such conduct violated Plaintiff's rights as protected under the FLSA, and thus caused damage to the Plaintiff and other similarly situated employees.

9

50.     Plaintiff further requests the Court to enter a permanent injunction, restraining and preventing Defendant from withholding the compensation that is due to the Plaintiff and those similarly situated and from further violating their rights under the law.

51.     Plaintiff further requests the Court to enter a permanent injunction, restraining and preventing Defendant from engaging in retaliatory and discriminatory conduct towards the other similarly situated employees, that it be restrained from engaging in such conduct against other employees who participate herein or are called to testify herein, and to restrain such conduct of Defendant if other employees complain of wage and hour violations as such rights are protected under the law.

52.     Plaintiff further asks that the Court order a complete and accurate accounting of all the compensation to which Plaintiff is entitled as well as provide a complete listing of the names and addresses of all those employees who are similarly situated as described above.

53.     Plaintiff asks this Court to award him monetary damages in the form of back-pay compensation, liquidated damages equal to his unpaid compensation, plus interest. This will be for the named Plaintiff and all Plaintiffs similarly situated. Plaintiff asks this Court to award whatever damages and fines are deemed necessary by the Court to prohibit and correct Defendant's retaliatory and discriminatory conduct as directed towards Plaintiff and other similarly situated employees; for their fees and costs associated in pursuit and in response to the retaliatory and discriminatory conduct of Defendant; and all other just and proper relief to which they may be entitled herein based upon such retaliatory and discriminatory conduct of Defendant.

10

54.     Plaintiff further asks the Court to award him his attorney fees, and his costs and expenses and disbursements in pursuing this cause of action for the named Plaintiff and all those similarly situated.

### DEMAND FOR JURY TRIAL

55.     Plaintiff demands a trial by jury upon all issues herein.

**WHEREFORE**, premises considered, Plaintiff prays that Defendant be summoned to appear and answer; this Court enter a temporary restraining order preventing Defendant, or its agents, or any other official, from terminating the employment of all Plaintiffs similarly situated until such time as this cause can be fully heard on its merits; further, that the Court enter a declaratory judgment, declaring that Defendant has willfully and wrongfully violated its statutory obligation, and deprived Plaintiff and all Plaintiffs similarly situated of their rights, protection and entitlements under the law, and particularly the Fair Labor Standards Act as alleged herein; that the Court enter a permanent injunction, restraining and preventing Defendant from withholding the compensation that is due to the Plaintiff and all Plaintiffs similarly situated and from further violating their rights under Fair Labor Standards Act and other applicable laws; that the Court order a complete and accurate accounting of all the compensation to which Plaintiff and all Plaintiffs similarly situated are entitled; that each Plaintiff and all Plaintiffs similarly situated be awarded monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest; that the Court impose a fine or punishment, along with fees and costs associated herein, against the Defendant for engaging in retaliatory and discriminatory conduct towards Plaintiff; that Plaintiff and all Plaintiffs similarly situated  specifically pray for a jury trial; that Plaintiff and all Plaintiffs similarly situated should have their attorneys fees paid by Defendant as well as their expenses, costs

11

and any disbursements required to bring this cause of action; and any other just and proper relief to

which he may be entitled.

Respectfully submitted,
HOLLEMAN & ASSOCIATES, P.A.
200 West Capitol Avenue, Suite 1620,
Little Rock, AR 72201
Telephone: (501) 975-5040
Facsimile: (501) 975-5043

By: _____
John T. Holleman, ABN 91056
jholleman@johnholleman.net
Maryna O. Jackson, ABN 2009111
maryna@johnholleman.net
Amber R. Schubert, ABN 2009150
amber@johnholleman.net