IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

| | | |
|---|---|---|
| DOUG NIENDICK, individually and on behalf of others similarly situated | * * * | |
| Plaintiff | * * | NO: 1:11CV00043 SWW |
| V. | * * | |
| CITY OF SALEM | * * | |
| Defendant | | |

## ORDER

Plaintiff Doug Niendick brings this Fair Labor Standards Act suit against his former employer, the City of Salem, Arkansas ("the City"), alleging that the City failed to pay him overtime during his employment as a police officer. Before the Court is Plaintiff's motion for summary judgment (docket entries #10, #11, #12), the City's response in opposition (docket entries #18, #19), and Niendick's reply (docket entry #20). After careful consideration, and for reasons that follow, Plaintiff's motion is denied.

**I.**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the

material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II.

The following facts are undisputed.[1] From April 2009 through April 2011, Niendick was employed by City as police officer. During Niendick's employment, the City classified him as a salaried employee and did not pay him for the time he spent on call or standby or time he spent working when he was called back to duty. Additionally, the City did not compensate Niendick for time he spent answering work-related telephone calls and attending court hearings on his days off.

On March 3, 2010, Niendick filed a complaint against the City with the United States Department of Labor ("DOL"), charging that the City failed to pay him overtime. Subsequently, the City changed Niendick's work schedule, and in April 2011, the City terminated his employment.

---

[1] Local Rule 56.1 provides that a party moving for summary judgment must submit a statement of the material facts as to which it contends there is no genuine issue to be tried, and the non-moving party must file a responsive statement of the material facts as to which it contends a genuine issue exists to be tried. "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . . " Local Rule 56.1(c).

On May 17, 2011, Niendick commenced this action, charging that the City failed to pay him overtime and retaliated against him in violation of the FLSA. On June 6, 2011, the DOL issued a letter to Albert Roork, the Salem Chief of Police, stating that DOL had determined, after an investigation, that the City improperly classified Niendick as a salaried employee[2] and failed to pay him $3,520 in overtime wages as required under the FLSA. The City issued Niendick a check for $3,520. Following the advice of his attorney, Niendick did not accept the City's check.

### III.

The FLSA generally requires covered employers to compensate their employees at the rate of one and one-half times their normal hourly rate for all hours worked in excess of a 40-hour week.[3] *See* U.S.C. § 207(a)(1). A plaintiff seeking overtime compensation under the FLSA bears the burden to prove that an employer-employee relationship existed, which is not in

---

[2] The FLSA requires covered employers to compensate non-exempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours. *See* 29 U.S.C. § 207(a). However, the statute exempts certain employees from overtime protections, including "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Under Department of Labor regulations, an "employee employed in a bona fide administrative capacity" is someone: (1) who is compensated not less than $455 per week; (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer; and (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. *See* 29 C.F.R. § 541.200.

[3] The FLSA contains an exemption from the forty-hour workweek for public employers who employ law enforcement officers for established work periods of up to twenty-eight days. *See* 29 U.S.C. § 207(k). The City asserts that it is entitled to the § 207(k) exemption, and that Niendick is not entitled to overtime unless he shows that he worked more than eighty-six hours in a fourteen-day working period. The City fails to provide evidence that it adopted a fourteen-day work period, but regardless of whether overtime should be accrued according § 207(k), the Court finds that issues of fact preclude summary judgment in this case.

dispute in this case, and that he performed overtime work for which he was improperly compensated. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).[4] "After this burden is satisfied, 'the employer bears the burden of proving entitlement to any exemptions or exceptions to the Act's compensation requirements.'" *Specht v. City of Sioux Falls* 639 F.3d 814, 819-820 (8th Cir. 2011)(quoting *Benshoff v. City of Va. Beach*, 180 F.3d 136, 140 (4th Cir. 1999)(citing 29 U.S.C. § 207(a)(1)). "'When an employer contends it is exempt from the Act, the employer has the burden of establishing the exemption clearly and affirmatively.'" *Id.*(quoting *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1360 (8th Cir.1993)).

Niendick moves for partial summary judgment, asking the Court to rule that he is owed overtime for work performed when he was on call, after he was called back to duty, when he answered work-related calls when he was on call, and when he attended court hearings on his days off.[5] The City does not dispute that Niendick went unpaid for the aforementioned

---

[4]Generally, an employee bringing suit under the FLSA has the burden of proving that he or she performed work for which he or she was not compensated. However, if the employer failed to maintain adequate records, the burden shifts as follows:

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn by the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)

[5]In support of his motion, Niendick asserts that the Court should adopt the DOL's findings in connection with his administrative complaint. The DOL's administrative judgment is not controlling upon this Court, and the weight accorded to it depends on the "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with

categories of work, but it claims that genuine issues of material fact preclude summary judgment.

In support of his motion for partial summary judgment, Niendick presents his affidavit. Docket entry #11, Ex. #2. Niendick testifies that, in addition to working thirty-six to thirty-seven hours a week, he spent approximately sixteen hours per week on call, and he was required to return to work approximately six to eight times per month to work approximately one to one and one-half hours. Niendick testifies that he received approximately fifteen calls per month, which did not require that he return to work, but he provides no information regarding the duration of those calls. Finally, Niendick testifies that the City required him to attend court on his days off, which consumed approximately four hours per month.

On-Call Time

In order for on-call time to constitute "work" subject to the FLSA's overtime compensation requirements, an employee's on-call hours must be spent predominately for the employer's benefit. *See Armour & Co. V. Wantock*, 323 U.S. 126, 133, 65 S. Ct. 165 (1944). "Time spent away from an employer's premises may constitute compensable hours of work if conditions imposed by an employer restrict the employee from using the time for personal pursuits." *Cross v. Ark. Forestry Comm'n*, 938 F.2d 912, 916 (8th Cir.1991).

Niendick testifies that the City's on-call policy "severely restricted" his life style. *See*

---

earlier and later pronouncements, and all those factors which give it power to persuade, if lacking in power to control." *Skidmore v. Swift & Co*., 323 U.S. 134, 140, 65 S. Ct. 161 (1944). Here, Niendick submits various documents issued by the agency in connection with his administrative complaint, *see* docket entry #11, Ex. C. The Court has reviewed those documents does not find the material particularly helpful or persuasive regarding the specific matters presently before the Court.

Niendick Aff., ¶ 9. According to Niendick, he "had to be physically and mentally capable of performing the duties of a police officer during the on-call times" and "could not travel to another county because of the necessity to quickly respond to emergencies." *Id*. Niendick reports that he could not visit his son, who lives in another county, and he could not mow his yard, go to church, shop, or "perform any other activities that would prevent [him] from responding to a cell phone and immediately arriving at the scene of an accident." *Id*.

The City contends that Niendick's on-call time was not so restrictive as to constitute work. According to Chief Roork, Niendick was free to engage in personal activities during his on-call time--including sleeping, shopping, and attending sporting events. *See* docket entry #19, Ex. #2. The City presents the affidavit of Kristy Hardin, a dispatcher with the Fulton County Sheriff's Department, who states: "There were a couple of times when I called Doug [Niendick] for work[, and] he had been in a tree stand hunting." Docket entry #19, Ex. #7. Another dispatcher, Linda Hutchison, testifies that several times, Niendick instructed her not to call him unless it was an extreme emergency because he was going deer hunting. *See* docket entry #19, Ex. #8. Additionally, the City presents the affidavit of Butch Blair, who worked as a Salem police officer from February 1989 to March 2009. Blair testifies that he was not restricted to a specific geographic location when he was on call, and he could go to church, sleep, mow his yard, and pursue his hobbies during his on-call time. *See* docket entry #19, Ex. #5.

The Court finds that the City's evidence creates genuine issues of fact as to Niendick's activities during his on-call time. Accordingly, the Court is unable to determine at this juncture whether Niendick's on-call hours constitute working hours under the FLSA.

Call-Back Time

The City claims that radio logs, which the City has failed to produce, show that the time Niendick spent working after being called back to duty never resulted in overtime. Niendick notes that the City acknowledges that he was not paid for he work performed when he was called back to duty and that he is only asking the Court "to rule that [the City] is liable to Plaintiff for the work performed when called back to duty, leaving the issue of the exact amount of . . . damages for trial." Docket entry #20, at 9. However, absent evidence that Niendick's call-back work resulted in overtime, the Court cannot find that the City is liable to pay him for work performed when called back to duty. *See Monahan v. County of Chesterfield, VA.,* 95 F.3d 1263, 1284 (4th Cir. 1996)("Absent a minimum wage/maximum hour violation, we find no remedy under the FLSA for pure gap [straight] time claims."); *Arnold v. Arkansas*, 910 F. Supp. 1385, 1394 (E.D. Ark. 1995)(holding that claims for straight time pay for work periods when no overtime was worked are not cognizable under the FLSA).

Answering Work-Related Calls

The City asserts that telephone records show that, contrary to Niendick's testimony that he received fifteen work-related calls per month, he never received more than ten calls a month, and sometimes he received only two or three calls per month. Again, Niendick asks the Court to grant summary judgment on the issue of liability, leaving the exact amount of damages for trial. For reasons previously stated, questions of fact regarding Niendick's work hours preclude summary judgment on the issue of liability.

Court Time

The City presents an affidavit by the Fulton County District Clerk, which calls into question Niendick's testimony that he worked approximately four hours a month attending court.

*See* docket entry #19, Ex. #13. The Court finds that questions for trial remain regarding the number of hours Niendick spent attending court hearings.

Small Department Exception

The FLSA's "small department exception" excludes from overtime protections "any employee of a public agency who in any workweek is employed in . . . law enforcement activities . . . , if the public agency employs during the workweek less than 5 employees in . . . law enforcement activities . . . . " 29 U.S.C.A. § 213(a)(20). The City claims that it is entitled to the small department exception for any claims for overtime that accrued during the period from March 26, 2009 through April 2, 2010. According to the City, it employed only four officers during that period: Niendick, Chief Roork, Johnny Byler, and David Keck.

Niendick notes that in response to interrogatories, the City identified more than five individuals who worked as reserve officers during the period March 26, 2009 though April 2, 2010. Although volunteers are exempted from employee status under the FLSA, *see* 29 U.S.C. § 29 U.S.C. § 203(e)(4)(A), DOL regulations provide a specific definition for the term "volunteer":

> An individual who performs hours of service for a public agency for civic, charitable, or humanitarian reasons, without promise, expectation or receipt of compensation for services rendered, is considered to be a volunteer during such hours.

29 CFR § 553.101. The City provides no evidence that the reserve officers listed in its answers to interrogatories meet the foregoing definition of volunteer, and Niendick presents his own testimony that the City paid its reserve officers. The Court finds that questions of fact remain as to whether the small department exception applies to Niendick's claim for overtime for the

period from March 16, 2009 through April 2, 2010.[6]

**IV**.

The Court finds that issues of fact preclude summary judgment in Plaintiff's favor on the issue of liability. Accordingly, Plaintiff's motion for partial summary judgment (docket entry #10) is DENIED.

IT IS SO ORDERED THIS 16TH DAY OF MAY, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[6]Niendick agrees that material issues exist as to whether the City employed more than five law enforcement officers from March 26, 2009 through April 2, 2010 and whether certain officers who served the City during that time period were volunteers or employees. *See* docket entry #20, at 8.